■ LEO WAGNER et al., Appellants, v. FREDA ETOLL et al., as Coexecutors of FRED ETOLL, Deceased, Respondents.— Appeals from (1) an order of the Supreme Court at Special Term, entered February 1, 1974 in Albany County, and (2) an order of said court, entered March 29, 1974, which granted a motion by defendant for summary judgment dismissing the complaint, and the judgment entered thereon. This action is for an accounting following the dissolution of a partnership on April 16, 1973.* The underlying question concerns the effect, if any, to be given to certain provisions contained in articles of partnership executed in 1960. It should be noted that, by its terms, that agreement expired on December 31, 1961, but the partnership continued after the expiration date without further formal written agreement and with the same profit and loss ratio until the death of one of the original partners in 1968. On this occasion no dissolution of the partnership occurred, nor was the winding up of its affairs ever discussed. However, a new profit and loss ratio for the surviving partners was initiated and the deceased partner's interest was purchased by a surviving partner at which time certain adjustments were also made in the partnership capital accounts. A subsequent partnership agreement, prepared in 1969, was never executed by all the surviving partners. The particular provision of the 1960 agreement which precipitated this litigation is a paragraph related to dissolution which, while requiring an accounting of profits " as determined on a cash basis" (emphasis supplied) upon such a dissolution, further provides that the net assets of the partnership, after making certain specific payments, shall be turned over to defendants' decedent herein, and that these assets shall include, among other things, all accounts receivable and work in process. Such assets have been so appropriated and plaintiffs vigorously object to this procedure. Ordinarily, a partnership agreement continues in the absence of a new written agreement after the expiration of its term so long as the actions of the partners indicate implied consent to continue particular provisions of the partnership relationship, even though some of the provisions of the written agreement are disregarded (Partnership Law, § 45; Corr v. Hoffman, 256 N. Y. 254). In this case, however, the intervening death of one of the partners in 1968 resulted in the dissolution of the partnership by operation of law since there was no agreement to the contrary (Partnership Law, § 62, subd. 4). It is, therefore, abundantly clear that a new partnership came into existence thereafter which was independent of the 1960 agreement and that plaintiffs are entitled to their accounting. Judgment and order modified, on the law and the facts, by reversing so much thereof as granted summary judgment dismissing the complaint, and partial summary judgment granted to plaintiff upon its cause of action for an accounting, and, as so modified, affirmed, without costs. Order, entered February 1, 1974, affirmed, without costs. Greenblott, J. P., Cooke, Sweeney, Kane and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ZACHARY MORGAN, Appellant, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.— Motion for permission to appeal denied on the ground that an appeal lies as of right (CPLR 7011). Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.

---

* Fred A. Etoll, the senior partner and original defendant, died subsequent to entry of the order and judgment herein and his representatives have been duly substituted in his place and stead.