■ BURGER, KURZMAN, KAPLAN & STUCHIN et al., Respondents, v HERBERT KURZMAN et al., Appellants.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered November 27, 1987, which confirmed the report of Referee Donald Diamond which found that the 1973 partnership agreement did not terminate upon the death of Mr. Burger

and was still effective, that the defendants breached the agreement, and that the defendants are required to render an accounting, unanimously reversed, on the law and the facts, the report of the Referee rejected, and the defendants ordered to render an accounting only through December 31, 1983, without costs.

Burger, Kurzman, Kaplan & Stuchin was a partnership among those named certified public accountants. The parties signed a partnership agreement in 1973 for a fixed term expiring in 1998. The agreement contained provisions for the payment of salaries and benefits, the division of profits and losses, formulae for the contingencies of the disability or retirement of a partner, and a restrictive covenant forbidding the performance of accounting services for clients of the partnership by a partner after his retirement or withdrawal from the firm. Significantly, the agreement contained absolutely no provision for the continuation of the partnership after the death of a partner.

Burger died on November 15, 1979. The three surviving partners continued to operate the business until early December 1983 when the defendants Kurzman and Stuchin notified plaintiff Kaplan that the partnership would terminate effective December 31, 1983.

Kaplan thereafter commenced this action seeking, *inter alia*, a declaration that the original partnership agreement remained in effect, money damages, an accounting, and enforcement of a restrictive covenant upon the "withdrawal" of the defendants from the partnership. The defendants interposed an affirmative defense asserting that the plaintiffs could have no rights under the partnership agreement because the partnership dissolved upon the death of Burger in 1979.

The IAS court referred the matter to a Referee for a hearing. The report of the Referee, and the opinion of the IAS Judge confirming the report, emphasized that the parties' conduct in continuing the business as an ongoing concern, with "no attempt made to wind up the partnership", evidenced an intention of the partners to continue the partnership agreement. Both the Referee's report and the court's opinion emphasized the fact that the partnership agreement provided for the continuation of the arrangement after the retirement of Burger, and, by analogy, concluded that the partnership could likewise continue after the death of Burger.

This analysis is at variance with established principles of partnership law. A partnership is dissolved by the death of

any partner, absent a specific agreement to the contrary. (Partnership Law § 62 [4]; *see*, 16 NY Jur 2d, Business Relationships, § 1418; *Wagner v Etoll*, 46 AD2d 990, *appeal dismissed* 37 NY2d 795.) Accordingly, the partnership of Burger, Kurzman, Kaplan & Stuchin, a specific legal entity formed by the contract entered into by the parties, dissolved upon the death of Norman Burger on November 15, 1979, since there was no provision in the contract covering the contingency of the death of a partner.

That the survivors continued operating the business of the former partnership did not revive that dissolved entity. Despite the fact that many incidents of the ongoing business endured, the three remaining partners created a new relationship among themselves, a relationship which of necessity must differ from the preexisting arrangement containing rights and obligations vis-à-vis the now-deceased partner Burger. "A partnership is a contractral relation dependent upon the personality of its members. The admission or withdrawal of a member so radically changes the contractual rights *inter se* as to produce essentially a new relation even though the parties contemplate no actual dissolution of the firm and continue to carry on business under the same name, under the original articles and with the same account books." *(Ruzicka's v Rager,* 277 App Div 359, 360.)

In the instant case, therefore, even though the parties continued the business, a new relationship was created in the form of a partnership at will. This new partnership ended when the defendants terminated the relationship as of December 31, 1983 and the defendants are liable to account to plaintiff Kaplan for his share of this new partnership's profits and assets through December 31, 1983, the date of its termination. There is, however, no basis upon which to enforce the terms of the agreement governing the original 1973 partnership, which is dissolved, either with respect to the accounting which Kaplan seeks under that agreement or implementation of the restrictive covenant contained therein. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Ellerin, JJ.