■ DAVID H. PEIREZ et al., Respondents, v QUEENS P.E.P. ASSOCIATES CORP. et al., Appellants, et al., Defendants.—In an action for an accounting, to recover damages for breach of contract and to impose a constructive trust, the defendants Queens P.E.P. Associates Corp., Kissena P.E.P. Associates and Herman Effron appeal, and the defendant Hilda Peirez separately appeals, as limited by their respective briefs, from (1) an interlocutory judgment of the Supreme Court, Nassau County (Modugno, J.H.O.), entered October 15, 1987, which, after a nonjury trial, and upon the denial of the appellants' respective motions for judgment during trial, *inter alia*, directed the appellants to account for all proceeds of sale and past distributions of the defendants Queens P.E.P. Associates Corp. and Kissena P.E.P. Associates, in accordance with ownership interests determined by the court, and granted judgment for the plaintiffs on their related claims, and (2) a final judgment of the same court dated April 25, 1988, which established the respective liability of the parties.

Ordered that the appeal from the interlocutory judgment is dismissed; and it is further,

Ordered that the final judgment is reversed, the interlocutory judgment is vacated, the appellants' respective motions to dismiss are granted to the extent that the claims for breach of contract and to impose a constructive trust are dismissed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiffs and the defendants Herman Effron and Hilda Peirez were partners in Kissena P.E.P. Associates (hereinafter Kissena P.E.P.), and shareholders in Queens P.E.P. Associates Corp. (hereinafter Queens P.E.P.), which held the net leasehold interests in two buildings. Kissena P.E.P. was formed in April 1966. At that time, the principal partners were the plaintiff David Peirez's father Louis Peirez, Louis's brothers Lawrence and Ben Peirez, and the defendant Effron. In September 1968 Louis died and, at or about that time, the

plaintiff David Peirez became partner. Thereafter in 1976, Lawrence died and his wife Hilda became a partner. In or about 1986 the partners decided to sell the interests in the leaseholds and a dispute ensued concerning the relative ownership interests in the entities. No written agreement, articles of incorporation or bylaws were submitted with respect to either entity.

In view of the fact there were no records kept for Queens P.E.P., no shares were issued to shareholders, there were apparently no officers, corporate meetings or voting and the parties themselves were unaware of its separate identity, we agree that Queens P.E.P. and Kissena P.E.P. were part of an over-all joint venture, and that a separate accounting was warranted for each (cf., Dreyfus Corp. v ACLI Intl., 52 NY2d 736, 739, rearg denied 52 NY2d 884; Boag v Thompson, 208 App Div 132, 135; Thomashefsky v Edelstein, 192 App Div 368, 369-370; see also, Matter of Pivot Punch & Die Corp., 15 Misc 2d 713, 715, mod on other grounds 9 AD2d 861). As a result, rules governing Kissena P.E.P. are equally applicable to Queens P.E.P. (see, Pedersen v Manitowoc Co., 25 NY2d 412, 419; Stem v Warren, 227 NY 538, 546).

Absent specific agreement to the contrary, a partnership or a joint venture to which the partnership was a party dissolves upon the death of a partner and, though the survivors continue to operate the business of the former partnership, they in effect create a new partnership at will (see, Partnership Law § 62 [4]; Burger, Kurzman, Kaplan & Stuchin v Kurzman, 139 AD2d 422, 423-424, lv dismissed 72 NY2d 909; Paul v Ascher, 106 AD2d 619, 620; Wagner v Etoll, 46 AD2d 990, appeal dismissed 37 NY2d 795). Thus, the deaths of Louis and Lawrence Peirez effected dissolutions by operation of law and new partnerships at will were created.

There is no evidence of any written agreement by or with the deceased partners that heirs would be substituted to receive the predecessor's ownership interest, or that the business would continue after their deaths. Moreover, proof of an oral agreement embodying such terms violates the Statute of Frauds since such an agreement, by its terms, is only capable of performance after a partner's death (see, General Obligations Law § 5-701 [a] [1]; Klein v Jamor Purveyors, 108 AD2d 344, 347-348; Dreher v Levy, 67 AD2d 438, 440-441). The plaintiffs were therefore not entitled to their predecessors' ownership interest. Moreover, contrary to the plaintiffs' contentions, the defendants could change the terms of any prior agreement without the plaintiffs' consent, since ownership

interests of the deceased partners in any former dissolved entity did not transfer into the new one *(see, Burger, Kurzman, Kaplan & Stuchin v Kurzman, supra,* at 424; *Wagner v Etoll, supra).* Since 1969, the plaintiffs received various tax forms, cash distributions, and accompanying letters setting forth their interest as 8%, which proves that the plaintiffs had notice of their ownership interest in each newly constituted entity, and circumstantially proved that term of each new oral partnership agreement *(Alleva v Alleva Dairy,* 129 AD2d 663, 664).

As a result, the defendants are liable to account to plaintiffs for their 8% interests in each of the entities' profits and assets from the time of their creation, through 1986, the year of their termination. Since no breach of contract claim or claim for the imposition of a constructive trust lies against the defendant Effron for failure to make past distributions exceeding 8%, these causes of action are dismissed. We additionally note that the claim for the imposition of a constructive trust should have been dismissed in any event due to the expiration of the Statute of Limitations on that cause of action *(see,* CPLR 213 [1]; *Bey Constr. Co. v Yablonski,* 76 AD2d 875, 876).

We have considered the parties' remaining contentions and find them to be without merit. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.