■ SYLVIA SCHWARTZ, Individually and as Administratrix of

the Estate of PAUL SCHWARTZ, Deceased, Appellant, v LOIS ASSOCIATES et al., Respondents.—Judgment, Supreme Court, New York County (William C. McCooe, J.), entered on or about January 28, 1988, which granted defendants' motion to dismiss the complaint, and granted defendants judgment on their counterclaim, in the amount of $45,000, is unanimously modified, on the law and on the facts, to the extent of vacating judgment in favor of the defendants on the counterclaim, and, except as modified, otherwise affirmed, without costs.

In 1972, Mr. Paul Schwartz, Mr. and Mrs. Steinberg, and 14 other persons formed an oral partnership, known as Lois Associates (the partnership). The sole business of this partnership, and its sole asset, was its ownership and operation of a 59-unit, five-story apartment house (premises) located at 333 East 90th Street, New York County.

Following Mr. Schwartz' death on May 4, 1975, his widow, Mrs. Sylvia Schwartz, was appointed administratrix of his estate. Upon learning of Mr. Schwartz' death, the partnership carried his 16% interest on the books, as belonging to the "Estate of Paul Schwartz" (Estate).

Several years later, by letter dated April 19, 1984, the partnership informed counsel for the Estate that it intended to convert the premises into a cooperative, and offered to purchase the Estate's interest in the partnership. The Estate did not accept the offer.

Thereafter, in January 1986, Mrs. Schwartz (plaintiff) commenced, in her individual capacity, an action against the partnership, Mr. and Mrs. Steinberg and I & M Steinberg Management Co. (defendants) for, in substance, a partnership accounting, and to impress a constructive trust on the premises. Defendants served an answer, which included a counterclaim for the return of $45,000 paid to plaintiff during settlement negotiations. Furthermore, in March 1987, plaintiff served a supplemental summons, in which she identified herself as bringing the instant action in both her individual capacity and in her capacity as administratrix of the Estate.

Subsequently, defendants moved to dismiss the complaint and for judgment on their counterclaim. Plaintiff opposed. The IAS court, *inter alia,* granted the defendants' motion to dismiss, and granted defendants judgment on the counterclaim.

We agree with the IAS court that the complaint should be dismissed, since we find that the Statute of Limitations bars the action.

Based upon our review of the record, this partnership as a

legal entity was dissolved on May 4, 1975, when Mr. Schwartz died (Partnership Law § 62 [4]). The fact that the surviving partners "continued operating the business of the former partnership did not revive that dissolved entity" *(Burger, Kurzman, Kaplan & Stuchin v Kurzman,* 139 AD2d 422, 424 [1st Dept 1988], *lv dismissed* 72 NY2d 909 [1988]). Moreover, since there was nothing in the oral agreement which conferred any interest in the partnership on the plaintiff, as surviving spouse, her only remedy against the partnership lies in her right to demand an accounting as the administratrix of the Estate (Partnership Law §§ 73, 74; *Juliano v Rea,* 89 AD2d 618 [1982]).

Plaintiff's time in which to demand an accounting, as administratrix, began to run on May 4, 1975, when the partnership was dissolved by Mr. Schwartz' death (Partnership Law § 74; *Missan v Schoenfeld,* 95 AD2d 198, 209 [1st Dept 1983], *appeal dismissed* 60 NY2d 860 [1983]). Since there is a six-year Statute of Limitations applicable to actions for a partnership accounting, and plaintiff did not commence this action until January 1986, which was more than 10 years after the date of dissolution, her action is time barred (CPLR 213 [1]; *and see, La Russo v Paladino,* 109 NYS2d 627 [Sup Ct, Kings County, 1951], *affd* 280 App Div 988 [1952], *lv denied* 281 App Div 753 [1953]).

After the commencement of the action, and prior to the time that defendants moved to dismiss it upon, *inter alia,* the defense of the Statute of Limitations, their counsel wrote a letter, dated June 13, 1986, to counsel for plaintiff. Enclosed with that letter was a certified check drawn to the order of the plaintiff, as an individual, in the amount of $45,000. Our examination of that letter indicates that defendants' counsel asserts, in substance, that the money, mentioned *supra,* was a payment on account, as a distribution of plaintiff's partnership interest, and it was being tendered "in order to attempt a reconciliation of differences without the mess which would be created by a judicial proceeding". Additionally, counsel stated "It is further clearly understood and agreed that in no way does this constitute a waiver of the right to continue with the presently pending judicial proceeding in the event a settlement cannot be reached".

As mentioned *supra,* the defendants have counterclaimed for the return of this $45,000 given to the plaintiff, and which she has retained. In their moving papers in support of that counterclaim, defendants contend that, in substance, if plain-

tiff is permitted to keep that money, she will be unjustly enriched.

The Court of Appeals has held in *Paramount Film Distrib. Corp. v State of New York* (30 NY2d 415, 421 [1972], *mot to amend remittitur granted* 31 NY2d 678 [1972]): "The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit [a party] to retain what is sought to be recovered * * *. Such a claim is undoubtedly equitable and depends upon broad considerations of equity and justice".

In order to determine whether the plaintiff has been unjustly enriched, we have taken "a broad view of the human setting involved" *(McGrath v Hilding,* 41 NY2d 625, 629 [1977]). Upon the basis of a "broad view" of the circumstances herein, we find that since the defendants, through counsel, unconditionally gave plaintiff this money, in the apparent hope it would persuade her to drop the litigation, plaintiff was not unjustly enriched.

Accordingly, we modify the IAS court's judgment only to the extent of vacating the judgment in favor of the defendants on the counterclaim, and otherwise affirm.

We have examined the other points raised by the parties, and find them to be without merit. Concur—Ross, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.