■ CHERYL L. ROOSA, Appellant, v STANLEY FRANKEL et al., Respondents.—In an action, *inter alia,* to recover damages for

dental malpractice, the plaintiff appeals from an interlocutory judgment of the Supreme Court, Westchester County (Donovan, J.), entered March 8, 1989, which, upon an order of the same court entered February 23, 1989, granting that branch of the defendants' motion which was to dismiss the second cause of action asserted in the complaint, dismissed that cause of action. The plaintiff's notice of appeal from the order entered February 23, 1989, is deemed a premature notice of appeal from the interlocutory judgment (see, CPLR 5520 [c]).

Ordered that the interlocutory judgment is affirmed, with costs.

In this action arising, inter alia, out of the alleged improper capping of the plaintiff's teeth by the defendant dentist, the plaintiff contends that the defendant dentist wrongfully induced her to refrain from commencing this action and that he is therefore precluded, under the doctrine of equitable estoppel, from interposing a defense based upon the Statute of Limitations.

In support of her contention, the plaintiff substantially relies upon the dentist's purported statement, made during the course of his treatment of the plaintiff, that the crowns he had placed in the plaintiff's mouth would last 10 to 15 years. This statement is legally insufficient to support a finding that the defendant intentionally concealed an act of dental malpractice and knowingly misrepresented the condition of the plaintiff's teeth (see, Eagleston v Mt. Sinai Med. Center, 144 AD2d 427; Augstein v Levey, 3 AD2d 595, affd 4 NY2d 791). Nor could the plaintiff justifiably rely upon this statement so as to prevent her from discovering the alleged malpractice during the approximately 3½-year period that elapsed between the conclusion of the dentist's treatment of the plaintiff and the commencement of her treatment by another dentist (see, McIvor v Di Benedetto, 121 AD2d 519). Accordingly, the Supreme Court correctly determined that the doctrine of equitable estoppel was not applicable to the instant case and properly dismissed as time barred the plaintiff's second cause of action sounding in dental malpractice (cf., Matter of Steyer, 70 NY2d 990, 993).

The plaintiff's remaining contention is without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.