■ In the Matter of A.G. LICHTENSTEIN, P.E., Appellant, v HARRISON GOLDIN, as Comptroller of the City of New York, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Stanley Parness, J.), entered September 18, 1989, which dismissed, as time barred, CPLR article 78 petition, unanimously affirmed, without costs.

Petitioner, an engineering consulting firm under contract with the City of New York to design structural improvements on a mid-Manhattan viaduct, seeks recovery of $41,162 in damages for additional labor costs and materials expended due to design changes required by the Landmarks Commission. The Comptroller notified petitioner, by letter dated August 1, 1986, that its claim was denied. When pressed by petitioner to reconsider the denial, the Comptroller subsequently provided petitioner with additional written reasons for disallowance of the claim.

By contract, petitioner was required to institute a proceeding or action at law within six months of the accrual of a cause of action. Petitioner commenced the instant proceeding on December 18, 1987, 16 months after the Comptroller's determination denying the claim.

Petitioner argues that certain actions taken by the Comptroller subsequent to his determination fostered a reasonable uncertainty as to the finality and binding nature of said determination. The resulting ambiguity, petitioner argues, must be resolved against the municipality, and, as such, the determination must be found to be a nonfinal one, and the proceeding deemed not time barred.

The Comptroller's investigation and letters which followed his August 1, 1986 determination were for the purpose of preparing for possible settlement negotiations, and to further substantiate the denial of petitioner's claim. The rejection of petitioner's claim was nevertheless binding and final *(see, e.g., Matter of De Groat v New York State Higher Educ. Servs. Corp.,* 90 AD2d 616). The Comptroller never granted petition-

er's request for reconsideration, nor did he create that impression by either withdrawing the August 1986 denial or by suspending the determination pending resolution of the reconsideration request *(see, Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946).

Nor has petitioner proved an estoppel.

Petitioner made no showing that the Comptroller's continued review of petitioner's claim was done under any understanding of forebearance to sue or under a promise of settlement. Moreover, mere settlement negotiations, requests for further information, or statements that a matter is being investigated are not a predicate for an estoppel *(see, e.g., Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968). Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.