■ KENNETH E. RAINE, as Trustee of an Agreement Dated February 1, 1954 with Columbia Broadcasting System, Inc. and Jackie Gleason Enterprises, Inc., Appellant, v MARILYN GLEASON, as Personal Representative of the Estate of HERBERT J. GLEASON, Also Known as JACKIE GLEASON, Deceased, Respondent, et al., Defendant. [598 NYS2d 504] —Order and judgment (one paper), Supreme Court, New York County, entered October 15, 1992, which denied plaintiff's motion for summary judgment and which, *sua sponte,* granted summary judgment dismissing the complaint as against defendant Marilyn Gleason, as personal representative of the Estate of Herbert John Gleason, also known as Jackie Gleason, unanimously affirmed, with costs.

The IAS Court did not commit reversible error in, on plaintiff's motion for summary judgment, *sua sponte,* dismissing the underlying action for payment of revenues allegedly due and owing under a 1954 Trust Agreement for the telecast of television programs known as "The Lost Honeymooners" as against defendant Marilyn Gleason, in her capacity as personal representative of the Estate of her late husband, Jackie Gleason, where, upon searching the record, the IAS Court found that Marilyn Gleason had been discharged as personal representative of her late husband's Estate by court order, dated November 7, 1990, of the Probate Division of the Surrogate Court for Broward County, Florida, and that the underlying action therefore improperly sought relief against a nonexistent party *(see, Matter of Einstoss,* 26 NY2d 181; *Byrd v Johnson,* 67 AD2d 992).

The aforementioned dismissal is not in conflict with this Court's prior June 27, 1991 decision which partially reinstated the complaint as against Marilyn Gleason in her capacity as personal representative of the Jackie Gleason Estate *(Raine v Gleason,* 174 AD2d 531), since Marilyn Gleason had petitioned the Florida Probate Court for discharge shortly after the June 8, 1990 IAS Court order, which was subsequently modified by this Court, had dismissed the underlying action in its entirety as against defendants Marilyn Gleason and Viacom International, Inc., and since the record reveals that at no time did plaintiff make any attempt to file a claim or intervene in any manner, or make any attempt to delay or prevent determination of the Florida Estate proceeding until the Estate was closed and the personal representative discharged in Florida

in November of 1990. Thus, under CPLR 3212 (b) either the IAS Court or a Court at the appellate level may, in its discretion, search the record and grant summary judgment to the non-moving and non-appealing party *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Howell v Davis,* 58 AD2d 852, *affd* 43 NY2d 874).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Asch, JJ.