■ ARTHUR C. GREEN, Respondent, v RICHARD ALBERT, Appellant. [605 NYS2d 395] —In an action, *inter alia,* for a partnership accounting, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered October 16, 1991, as denied that branch of his motion which was to dismiss the first cause of action as barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's

motion which was to dismiss the first cause of action as barred by the Statute of Limitations is granted.

In this action, the plaintiff seeks an accounting from the defendant in connection with the activities of a partnership which consisted of the defendant, the plaintiff's decedent, and four other individuals. The partnership was formed in or around December 1980 for the purpose of acquiring, developing, and selling approximately 26.5 acres of vacant real property located on Mount Airy Road in Croton, New York. The decedent died on December 8, 1983, and this action was commenced over six years later, on or about February 26, 1990. The defendant moved, *inter alia,* for summary judgment to dismiss the accounting cause of action as being time-barred by the six-year Statute of Limitations. The Supreme Court denied that branch of the motion on the ground that there was a triable issue of fact as to whether the defendant should be estopped from asserting the Statute of Limitations defense. We disagree.

Assuming that the decedent was a member of the partnership when he died (the defendant contends that he had previously bought out the decedent's partnership interest), the partnership would have been automatically dissolved upon his death by operation of law *(see,* Partnership Law § 62 [4]; *Peirez v Queens P.E.P. Assocs. Corp.,* 148 AD2d 596; *Parnes v Edelman,* 128 AD2d 596). Pursuant to Partnership Law § 74, the plaintiff's right to an accounting accrued upon the dissolution of the partnership, which would have occurred on the date of the decedent's death *(see, Schwartz v Lois Assocs.,* 149 AD2d 307). Thus, unless the defendant is equitably estopped from raising the Statute of Limitations, the plaintiff's action, commenced over six years later, is time-barred *(see,* CPLR 213 [1]; *Mills v O'Donnell,* 188 AD2d 692; *Schwartz v Lois Assocs.,* 149 AD2d 307, *supra).*

It is well settled that a defendant may be estopped to plead the Statute of Limitations as a defense where, by fraud, misrepresentation, or deception, he has induced the plaintiff to refrain from filing a timely action *(see, Simcuski v Saeli,* 44 NY2d 442; *Gleason v Spota,* 194 AD2d 395). Even if the defendant's assertions that he had bought out the decedent's partnership interest prior to the decedent's death were sufficient to support a finding of estoppel, the plaintiff failed to sustain his burden of showing that he justifiably relied upon the defendant's statements, since the plaintiff concededly had evidence of the partnership as early as 1984 *(see, Campbell v Chabot,* 189 AD2d 746; *Roosa v Frankel,* 166 AD2d 569). In

addition, the plaintiff's reliance on the defendant's purported assurances that the matter would be settled is insufficient to justify a finding of estoppel, since there is no evidence that the defendant engaged in protracted settlement negotiations for the purpose of lulling the plaintiff into inactivity *(see, Murphy v Wegman's Food Mkts.,* 140 AD2d 973; *see also, Krugman & Fox Constr. Corp. v Elite Assocs.,* 167 AD2d 514; *Matter of Lichtenstein v Goldin,* 166 AD2d 320).

Even if the defendant acted improperly, the plaintiff admittedly realized that he would have to litigate the matter after the parties' last meeting in July 1989 approximately five or six months prior to the expiration of the Statute of Limitations. Since the defendant's allegedly improper conduct ceased well before the expiration of the Statute of Limitations, his conduct cannot be relied upon to establish estoppel *(see, De-Mille v Franklin Gen. Hosp.,* 107 AD2d 656, *affd* 65 NY2d 728; *Schroeder v Brooklyn Hosp.,* 119 AD2d 564). Moreover, the plaintiff failed to show that he exercised due diligence in commencing the action within a reasonable time after the cessation of the defendant's allegedly improper conduct *(see, Marshall v Duryea,* 172 AD2d 726; *see also, Dunefsky v Montefiore Hosp. Med. Ctr.,* 162 AD2d 300).

Since the plaintiff failed to show the existence of a triable issue of fact as to equitable estoppel, the defendant was entitled to summary judgment in his favor dismissing the accounting cause of action as time-barred. Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.