■ NEW YORK STATE MEDICAL CARE FACILITIES FINANCE AGENCY, Respondent, v BANK OF TOKYO TRUST COMPANY, Appellant, et al., Defendant. [629 NYS2d 3] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about January 12, 1995, which denied defendant-appellant's motion for summary judgment and, upon a search of the record, granted judgment in favor of plaintiff, and referred the matter for an inquest on damages, unanimously affirmed, with costs.

The indenture trustee's claim that the indenture did not require it to notify plaintiff of the bond redemption call is without merit. Section 602 (5) of the indenture unequivocally required the trustee to "advise [plaintiff] in writing, on or before the twentieth day of each calendar month, of the details of all investments held for the credit of each Fund and Account in its custody under the provisions of this Resolution as of the end of the preceding month." At a minimum, therefore, the indenture trustee owed a contractual duty to notify plaintiff of the redemption call within a month of the time it received notice thereof. Further, inasmuch as the duty breached clearly arose under the terms of the indenture (*see*, *Elliott Assocs. v Schroder Bank & Trust Co.*, 838 F2d 66, 71 [2d Cir 1988 (applying New York Law)]; *AMBAC Indem. Corp. v Bankers Trust Co.*, 151 Misc 2d 334), the exculpatory language relied upon by the trustee is inapplicable. The trustee did not deny receiving notice of the early redemption call on the Massachusetts Health and Educational Facilities Authority GNMA Collateralized Revenue Bonds which it held on behalf of the plaintiff, and admitted that it failed to notify plaintiff of the redemption call. In light of its contractual obligation to do so, the record clearly supports the grant of summary judgment to plaintiff, the nonmoving party in this case, on the issue of liability (CPLR 3212 [b]; *Raine v Gleason*, 194 AD2d 395, 396, *lv denied* 82 NY2d 655). Concur—Kupferman, J. P., Ross, Nardelli and Tom, JJ.