■ VICTORIA KREMEN, Also Known as VICTORIA RABINOFF, Appellant, v STEVEN TED BROWER, M.D., et al., Respondents, et al., Defendants. [793 NYS2d 3]—

Judgment, Supreme Court, New York County (Joan B. Carey, J.), entered April 30, 2004, dismissing the complaint as against defendants-respondents, pursuant to an order, same court and Justice, entered March 22, 2004, which, in a medical malpractice action, granted their motion for summary judgment dismissing the complaint as barred by the statute of limitations, unanimously affirmed, without costs.

Plaintiff claims that defendants misdiagnosed her with breast cancer and performed an unnecessary bilateral mastectomy; defendants claim that plaintiff presented a high risk of developing breast cancer, that she was advised that she did not have breast cancer but was a suitable candidate for a prophylactic bilateral mastectomy, and that the mastectomy was performed as a prophylaxis. The complaint was properly dismissed as against Drs. Brower and Chun for lack of evidence of fraudulent concealment estopping them from asserting the statute of limitations. Concerning Dr. Brower, from whom plaintiff sought a second opinion after Dr. Kaiser allegedly diagnosed breast cancer, it is undisputed that plaintiff saw him only once, and had no further contact with him following the alleged misdiagnosis. There can be no fraudulent concealment based on the same act that forms the basis of the negligence claim (*Rizk v Cohen*, 73 NY2d 98, 105-106 [1989]; *Chesrow v Galiani*, 234 AD2d 9, 10-11 [1996]). Concerning Dr. Chun, the plastic surgeon who reconstructed plaintiff's breasts after the mastectomy, there is no evidence that he either diagnosed plaintiff with breast cancer or recommended that she undergo the surgery. Concerning Dr. Kaiser, the surgeon who allegedly diagnosed the cancer and who performed the mastectomy, while plaintiff's deposition testimony that Dr. Kaiser told her that she had breast cancer and then concealed that misdiagnosis after receiving negative pathology reports may be sufficient to raise an issue of fact as to fraudulent concealment, plaintiff failed to commence the action within a reasonable time after the estoppel ceased to be operational (*see Simcuski v Saeli*, 44 NY2d 442, 450-451 [1978]). Plaintiff admits that she became aware of the alleged misdiagnosis on April 14, 1999, when she took her medical records to another reconstructive surgeon. Her subsequent delay in commencing the instant action until July 2001, two years and three months

later, was unreasonable as a matter of law (cf. *Harkin v Culleton*, 156 AD2d 19, 23-24 [1990], *lv dismissed* 76 NY2d 936 [1990]). Concur—Andrias, J.P., Friedman, Marlow, Gonzalez and Catterson, JJ.