■ George Moran et al., Plaintiffs, v Harrison Mu et al., Defendants, and Wyckoff Heights Medical Center, Defend-

ant/Third-Party Plaintiff-Respondent. KARA CHRISTIAN, as Successor Executor of KARL W. CHRISTIAN, Third-Party Defendant-Appellant. [902 NYS2d 657]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., in which the defendant Wyckoff Heights Medical Center commenced a third-party action against Kara Christian, as successor executor of the estate of Karl W. Christian, Kara Christian appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated May 1, 2009, which, inter alia, denied her motion to dismiss the third-party complaint based upon her allegation that her status as personal representative of the estate of Karl W. Christian terminated by operation of law.

Ordered that the order is affirmed, with costs.

On July 18, 2002, the plaintiff Ildefonso Castillo underwent surgery at Wyckoff Heights Medical Center (hereinafter Wyckoff), and Karl Christian served as his anesthesiologist. Karl Christian died on October 1, 2002. On October 21, 2002, Karl Christian's father, Wayne G. Christian, as executor of Karl Christian's estate, petitioned the Surrogate's Court, New York County, to have Karl Christian's will admitted to probate. The petition to admit the will to probate stated that Karl Christian died while a domiciliary of New York, and that Kara Christian was named in the will as successor executor. By decree dated November 25, 2002, the will was admitted to probate, and on November 26, 2002, letters testamentary were issued to Wayne G. Christian. Thereafter, Wayne G. Christian died.

In 2003 the plaintiffs commenced the main action against, among others, Wyckoff. In 2008, Wyckoff commenced the instant third-party action against Kara Christian (hereinafter the appellant), as successor executor of Karl Christian's estate, seeking common-law indemnification. The appellant, a resident of Colorado, retained Colorado attorneys Olsen & Traeger. On behalf of their client, Olsen & Traeger entered into a stipulation with Wyckoff, in which, inter alia, the appellant admitted that she was served with the third-party summons and complaint, and stated that the third-party summons and complaint would be forwarded to the medical malpractice insur-

ance carrier for Karl Christian. The stipulation also stated that Wyckoff "will seek no recovery from the Estate of Karl Christian, M.D., except to the extent of any professional liability insurance available to the Estate of Karl Christian, M.D., deceased."

By notice of motion dated December 31, 2008, the appellant's newly-retained attorney in New York moved to dismiss the third-party complaint, based upon the appellant's affidavit stating that "I had been designated as Successor Executor of the Estate of Karl Christian, but the Estate was closed, and my role was extinguished" in 2006. Her attorney also submitted an affirmation acknowledging that "Kara Christian had been personal representative for an Estate which was domiciled and probated in Colorado," but claimed that her appointment terminated in 2007, pursuant to Colorado law which provides that, "[i]f no proceedings involving the personal representative are pending in the court one year after the closing statement is filed, the appointment of the personal representative terminates" (Colo Rev Stat § 15-12-1003 [2]). No documents were submitted in support of the appellant's claim that her status as personal representative had terminated. In opposition, Wyckoff noted that "in Colorado to close an estate, assuming there was one in Colorado, you have to file papers. No such papers are annexed to the motion."

In the order appealed from, the Supreme Court denied the appellant's motion on the ground that she failed "to establish that at the time of service the estate had been closed under laws of Colorado."

The appellant acknowledges that she had been appointed the personal representative for Karl Christian's estate, "which was domiciled and probated in Colorado." A plaintiff may commence an action in New York against a "foreign executor," that is, an executor domiciled in another jurisdiction (see TAG 380, LLC v Estate of Ronson, 69 AD3d 471, 474 [2010]). Further, the appellant did not submit any evidence that a closing statement was in fact filed closing the estate (see Colo Rev Statutes § 15-12-1003 [2]), or any other evidence that her appointment terminated (cf. Raine v Gleason, 194 AD2d 395 [1993]). In view of the foregoing, the Supreme Court properly determined that the appellant failed to establish that she was no longer the personal representative of Karl Christian's estate at the time the third-party action was commenced (see Lynch v New York City Tr. Auth., 12 AD3d 644, 646 [2004]).

The appellant's remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.