(January 25, 2011)

■ VICTORIA KREMEN, Respondent, et al., Plaintiff, v BENEDICT P. MORELLI & ASSOCIATES, P.C., Also Known as MORELLI RATNER P.C., Appellant, et al., Defendants. [916 NYS2d 44]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered January 26, 2010, which, sua sponte, directed defendant law firm to pay $6,000 to the Lawyers' Fund for Client Protection, pursuant to 22 NYCRR 130-1.1, for engaging in frivolous motion practice, unanimously reversed, on the facts, without costs, and the order vacated.

The parties have been to this court before. First, we dismissed as untimely a medical malpractice action in which defendant law firm represented plaintiffs (*Kremen v Brower*, 16 AD3d 156 [2005], *lv denied* 5 NY3d 705 [2005]). Then, we dismissed this action in which plaintiffs sued defendants for legal malpractice arising out of the medical malpractice action as against the Morelli Ratner defendants (54 AD3d 596 [2008]).

After we dismissed plaintiffs' legal malpractice claim, defendant law firm moved in the motion court to restore its counterclaims for reimbursement of litigation expenses. Defendant had advanced these funds to plaintiff in the medical malpractice action. Defendant reasoned that because neither we nor the motion court had addressed these counterclaims, it was error for the motion court to mark the entire case "disposed." In an order dated February 29, 2009 and entered August 3, 2009, the motion court denied defendant's motion because defendant had not submitted any evidence that plaintiffs had agreed to be personally liable for the expenses.

By motion dated August 24, 2009, defendant moved to renew and reargue its prior motion. For the first time, defendant appended plaintiffs' retainer agreement to its motion papers. Defendant claimed it was interposing the retainer in response to the motion court's finding that defendant had submitted no evidence to support the contention that plaintiffs had agreed to be liable for expenses. The retainer stated that it was

"understood by [plaintiff] that all expenses, costs and disbursements incurred in the prosecution of this action by my attorneys, will be reimbursed as a lien against the total gross recovery of the action.

"The retention of other attorneys in place of [defendant] carries with it the obligation to immediately repay [defendant] all

disbursements incurred or advanced by [defendant] and the right at the option of [defendant] to have a fixed percentage of the ultimate recovery immediately determined as the fee of [defendant]."

Defendant argued that the terms of the retainer agreement required plaintiffs to repay all disbursements when plaintiffs used a different law firm to appeal the dismissal of the medical malpractice action.

In an order entered October 8, 2009, the motion court denied defendant's motion to renew and reargue. It rejected defendant's argument that plaintiffs had replaced defendant with another firm, because, although another firm took the appeal, defendant was never replaced in the underlying medical malpractice action. Finding defendant's argument "nonsensical and frivolous," the motion court also declared its intention to impose sanctions. The court gave defendants the opportunity to submit a memorandum in opposition, of which defendant availed itself. On January 25, 2010, the motion court found that defendant had violated Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1, and imposed a sanction of $6,000 payable to the Lawyers' Fund for Client Protection of the State of New York. Defendant appealed only from the January 25, 2010 order imposing sanctions. We now reverse.

While a sua sponte order is not appealable as of right (*Unanue v Rennert*, 39 AD3d 289 [2007]), in the interest of judicial economy, we nostra sponte deem defendant's notice of appeal a motion for leave to appeal, and grant leave (*see* CPLR 5701 [c]; *Winn v Tvedt*, 67 AD3d 569 [2009]).

22 NYCRR 130-1.1 (c) (1) provides that conduct is frivolous if "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law." Defendant made a somewhat colorable argument that it was entitled to recover its disbursements. Moreover, although defendant's failure to submit its retainer agreement on the initial motion is certainly not commendable, we do not see anything in the record to suggest that defendant intentionally concealed the agreement. Accordingly, sanctions in connection with the motion to renew or reargue were not warranted (*see W.J. Nolan & Co. v Daly*, 170 AD2d 320, 321 [1991]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.