■ NING-YEN YAO, Respondent, v KAREN KAO YAO, Appellant. [930 NYS2d 440]—

The court properly denied defendant's cross motion. "While it is true that a party may be awarded interim counsel fees even when the party possesses his or her own assets, here defendant wife has made no showing at this time that [she] is unable to meet the cost of her counsel fees" (*Fisher v Fisher*, 208 AD2d 433, 433 [1994] [internal quotation marks and citations omitted]).

Although that part of the court's order that sua sponte awarded attorney's fees to plaintiff's counsel is not appealable as of right (*Unanue v Rennert*, 39 AD3d 289 [2007]), in the interest of judicial economy, we deem the notice of appeal to be

a motion for leave to appeal, and grant leave (*see Kremen v Benedict P. Morelli & Assoc., P.C.*, 80 AD3d 521 [2011]).

Although a court, in its discretion, may award attorney's fees during a pendency of a matrimonial action (*see* Domestic Relations Law § 237 [a]), neither plaintiff nor his counsel sought such an award. Nor does the record contain any supporting documentation or other evidence establishing services rendered, fees paid, time expenditures or other relevant information (*see Horowitz v Horowitz*, 63 AD3d 1001 [2009]; *Diamond v Diamond*, 290 AD2d 270 [2002]). While a court may, upon its own initiative, impose attorney's fees under rule 130-1.2 of the Rules of the Chief Administrator of the Courts, here the court did not explain the reasons why the amount awarded was appropriate (22 NYCRR 130-1.2). Accordingly, the award of attorney's fees to plaintiff's counsel is vacated. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.

---

Motion to strike portions of reply brief and cross motion to dismiss notice of motion and for other relief denied.