Order, Supreme Court, New York County (Melvyn L. Schweitzer, J.), entered September 8, 2011, which granted the application of nonparty 172 Van Duzer Realty Corp. (Van Duzer) to direct that any award received by third-party plaintiffs be distributed to Van Duzer, unanimously reversed, on the law, without costs, and the application denied.
The order appealed from is the result of an ex parte application and thus, is not appealable as of right (see Unanue v Rennert, 39 AD3d 289 [1st Dept 2007]; CPLR 5701 [a] [2]). However, under the circumstances presented, we deem the notice of appeal to be a motion for leave to appeal, and grant said leave (see e.g. Ning-Yen Yao v Yao, 88 AD3d 462 [1st Dept 2011]).
The court’s determination to have Van Duzer submit a proposed order directing the distribution to it of any award in this action was incorrect, as was the court’s decision to sign the proposed order. The proper procedure for Van Duzer to enforce its rights as a judgment creditor against the cause of action brought by third-party plaintiff Globe Institute of Technology, its judgment debtor, is set forth in CPLR 5227. Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Clark, JJ.