**Dan Abraham SARFATI, an Individual, Appellant**

v.

**ANTIGUA AND BARBUDA, a Foreign State, et al., Appellees.**

No. 13–7092.

United States Court of Appeals, District of Columbia Circuit.

May 23, 2014.

Daniel Brandon Rogers, Shook, Hardy & Bacon LLP, Miami, FL, for Appellant.

Monalie Eloise Bledsoe, Law Office of Monalie E. Bledsoe, Washington, DC, Conrad Alphonzo Airall, Conrad Airall's Law Office, Raleigh, NC, for Appellees.

Before: KAVANAUGH, MILLETT, and WILKINS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record and on the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the District Court's judgment of February 7, 2013, and its order denying reconsideration of May 16, 2013, be affirmed.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment for Antigua and Barbuda was proper because there is no genuine dispute of material fact concerning whether Sarfati's breach of contract claims under New York and Antiguan law were time-barred under the applicable New York statute of limitations and the governing New York principles of equitable estoppel. *See Sarfati v. Antigua and Barbuda,* 923 F.Supp.2d 72 (D.D.C.2013). Both parties assume that New York law controls the timeliness question here. The events that formed the basis for the suit occurred in the 1980s and 1990s, when Sarfati was a minor. Because Sarfati was a minor when the cause of action accrued, the applicable statute of limitations did not commence until he turned 18 in 2000. In these circumstances, New York law prescribes a three-year limitations period from the time a minor turns 18. *See* N.Y. C.P.L.R. § 208 (McKinney). But Sarfati did not sue until 2010. Sarfati claimed that the doctrine of equitable estoppel permitted his late suit because the defendants had threatened him and his family, and he had feared retaliation at least through March 2006. Under New York law, a plaintiff asserting that the doctrine of equitable estoppel applies must "establish that the action was brought within a *reasonable* time after the facts giving rise to the estoppel have ceased to be operational." *Simcuski v. Saeli,* 44 N.Y.2d 442, 406 N.Y.S.2d 259, 377 N.E.2d 713, 717 (1978) (emphasis added). The "outside limit" of what will be regarded as a "reasonable time" is the applicable statute of limitations—in this case, three years. *Id.* But Sarfati did not file suit until 2010, which was more than three years after March 2006, the latest point for which he offered any evidence arguably supporting the alleged reasonableness of his fear of retaliation (assuming without deciding that an objectively reasonable fear of retaliation persisting after the defendants' threats stopped would continue to toll the statute of limitations). To be sure, Appellees failed to assert Section 208's three-

year limitations period, assuming (as Sarfati did) that the general six-year limitations period for contract actions set out in N.Y. C.P.L.R. § 213 governed in this case. But it is not at all clear under the New York case law on which Sarfati relies that the Appellees' waiver of Section 208's three-year limitations period as a direct bar to the action diminishes that statute's force as the outside limit within which equitable estoppel principles require the lawsuit to have been commenced. His claims were thus not brought within a reasonable time.

Even if the six-year period continued to set the outside limit, Sarfati is still wrong to argue that he filed within a reasonable time after March 2006. *See Kremen v. Brower*, 16 A.D.3d 156, 793 N.Y.S.2d 3, 4 (2005). In the absence of any reasoned explanation of why it took more than four years for Sarfati to file suit after March 2006, the District Court did not err in concluding that Sarfati had failed as a matter of law to file suit within a reasonable time. *See, e.g., Green v. Albert*, 199 A.D.2d 465, 605 N.Y.S.2d 395, 397 (1993).

In a motion for reconsideration that the District Court deemed to arise under Federal Rule of Civil Procedure 59(e), Sarfati advanced for the first time a theory that his specific claim involving alleged breach of guarantee actually accrued at a later date and was within the applicable New York statute of limitations. But a "Rule 59(e) motion may not be used to ... raise arguments or present evidence that could have been raised prior to the entry of judgment." *GSS Group Limited v. National Port Authority*, 680 F.3d 805, 812 (D.C.Cir.2012) (internal quotation marks omitted). Therefore, the District Court did not abuse its discretion when it denied Sarfati's motion for reconsideration. *See Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 402 & n. 4, 403 (D.C.Cir.2012).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).