■ In the Matter of the Arbitration between FIDELITY BROKERAGE SERVICES, INC., et al., Respondents, and MICHAEL JOHN LAVALLIE, Appellant. MERRILL LYNCH, PIERCE, FENNER & SMITH INC., Respondent. [743 NYS2d 81] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 3, 2001, which, inter alia, granted the joint motion of petitioners Fidelity Brokerage Services, Inc., et al. (Fidelity) and respondent Merrill Lynch, Pierce, Fenner & Smith Inc. (Merrill) to confirm the report of the Special Referee, and thereupon adjudged respondent Michael John LaVallie, individually and as Trustee for the Michael C. LaVallie Trust and for the Nikita LaVallie Trust (LaVallie), to be in contempt of a consent order, awarded attorneys' fee and costs totaling $19,295.75 to Fidelity and $29,691.50 to Merrill, and directed LaVallie's attorney to pay sanctions of $5,000 to the Lawyers' Fund for Client Protection, unanimously affirmed, with costs.

The finding of civil contempt against LaVallie is supported by the record, which establishes that LaVallie did not submit to Merrill a letter authorizing Merrill to present statements and confirmations related to the Trusts to Fidelity, as required by a consent order, after the Trusts had been transferred from Fidelity to Merrill. Fidelity, alleging that problems related to the transfers had left it exposed for potential losses, had commenced an arbitration proceeding and in connection therewith had moved for an order of attachment and/or a temporary restraining order. It was in purported settlement of the issues raised on that motion that the parties entered the consent order, the purpose of which was to provide Fidelity a means to

monitor its alleged interests in the Trusts pending the arbitration.

Having properly found, based upon the report of the Special Referee, that LaVallie failed to timely submit the authorization letter despite repeated entreaties from Fidelity's attorney to do so, the court duly concluded that LaVallie knowingly submitted affidavits containing false statements asserting that he had forwarded the necessary letter to Merrill and had personally instructed Merrill employees with whom he daily did business to make the required submissions to Fidelity. Also proper was the court's finding that LaVallie's attorney presented documents containing the same false statements made by LaVallie. Both Fidelity and Merrill were prejudiced by LaVallie's actions, and we reject LaVallie's contention that the absence of a specific deadline in the consent order rendered the requirement of written authorization equivocal (*see, Matter of McCormick v Axelrod*, 59 NY2d 574, 583).

LaVallie's contention that the Special Referee's report exceeded the scope set for the hearing is wholly without merit, and the court's determination that LaVallie's cross motion, which was based upon that theory, constituted frivolous conduct warranting a sanction was a proper exercise of discretion (*see*, 22 NYCRR 130-1.1 [c] [1]). Since Fidelity's and Merrill's motion papers contained ample documentation of the fees and costs requested and LaVallie did not challenge the amounts, a hearing was not required (*see, Old Paris v G.E.B.M. Intl.*, 170 AD2d 392, 393). Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.