■ INTERCONTINENTAL BANK LIMITED, Respondent, v MICALE & RIVERA, LLP, Appellant. [753 NYS2d 449] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 14, 2001, which granted petitioner's motion to vacate a temporary restraining order obtained by respondent-appellant law firm Micale & Rivera, LLP, determined that Micale & Rivera had engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (1) and set the matter down for a hearing to determine costs and sanctions, and order, same court and Justice, entered October 5, 2001, which found Micale & Rivera liable for costs in the amount $16,132, and imposed

sanctions in the amount of $500, unanimously modified, on the facts, to reduce the award of costs to $10,637, and otherwise affirmed, without costs.

The court properly vacated the order that sought to restrain funds in a bank account held by petitioner-respondent Intercontinental Bank Limited (Intercontinental) after it was established that the individual defendants in the prior action brought by Micale & Rivera, which led to the issuance of the temporary restraining order by an Onondaga County Court, were not signatories to the Intercontinental account. Although it appears that the temporary restraining order was never enforced by Citicorp, as holder of the Intercontinental account, since no signatory to that account was named on the temporary restraining order, the court's award of costs and sanctions pursuant to 22 NYCRR 130-1.1, based on Micale & Rivera's continued refusal to seek or consent to vacatur of the temporary restraining order, constituted a proper exercise of discretion. We, however, reduce the costs awarded. Micale & Rivera should not be held responsible for expenses incurred by counsel for Intercontinental prior to the submission to Micale & Rivera of a copy of the signatories to Intercontinental's account, since it was only subsequent to that submission that it became clear to Micale & Rivera that there was no direct connection between the defendants in the prior action and the account.

The court also properly exercised its discretion when it imposed a sanction of $500 upon Micale & Rivera pursuant to 22 NYCRR 130-1.1 (c) (3) for its false assertions of material facts.

We have reviewed Micale & Rivera's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.