■ PROFICIENT FOOD COMPANY, INC., Appellant, v PHOENIX PARTNERS, L.P., Respondent. [773 NYS2d 562]—

Order, Supreme Court, New York County (Richard Lowe, III, J.), entered October 7, 2002, which granted defendant's motion to require plaintiff, pursuant to 22 NYCRR 130-1.1, to reimburse the expenses defendant incurred in opposing plaintiff's motion for a default judgment, and order, same court and Justice, entered October 29, 2002, awarding defendant such reimbursement in the amount of $39,356.01, unanimously reversed, on the law and the facts, without costs, the motion for reimbursement denied and the award of reimbursement vacated.

Plaintiff moved for a default judgment, pursuant to CPLR 3215, after it received no response to the summons and complaint, which plaintiff then reasonably believed had been validly served. When defendant opposed the default judgment motion, plaintiff requested a traverse hearing to determine the validity of its service of process, and the court ordered such a hearing. Before the traverse hearing was held, however, plaintiff withdrew the default judgment motion upon learning facts establishing that valid service of process had not been accomplished. Defendant then moved, pursuant to 22 NYCRR 130-1.1, for reimbursement of the expenses it incurred in opposing the default judgment motion. Supreme Court erred in granting this motion, since plaintiff's conduct in moving for a default judgment, as specifically provided for by CPLR 3215, was not "frivolous" within the meaning of 22 NYCRR 130-1.1 (c). The record establishes that plaintiff had a good faith basis for making and prosecuting the motion, and that motion was not retroactively rendered frivolous by plaintiff's subsequent withdrawal of it in light of newly acquired information. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.