■ Marion Sakow, Suing Derivatively on Behalf of Columbia Bagel, Inc., Appellant, v Columbia Bagel, Inc., et al., Respondents. [822 NYS2d 5]—

Order and judgment (one paper), Supreme Court, New York County (Robert D. Lippmann, J.), entered March 4, 2005, which, to the extent appealed from, directed that nonparty appellant Robson is jointly and severally liable with plaintiff to pay 22 NYCRR subpart 130-1 sanctions to defendants in the total amount of $118,456, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, and the sanction vacated.

Upon review, we find that although counsel could have been more careful or attentive in matters of pretrial preparation, none of his conduct was completely without legal merit, undertaken primarily to delay or prolong the litigation or to harass or maliciously injure another, or asserted material factual statements that are false (22 NYCRR 130-1.1 [c]). For instance, we cannot find that plaintiff and her attorney intentionally protracted the case while lacking a good faith belief in the merit of the action. Indeed, until the evidentiary rulings made shortly before trial, they were confident in their case (cf. *Proficient Food Co. v Phoenix Partners*, 6 AD3d 168 [2004]). Nor is there a proper basis to conclude that they intentionally prepared and tendered altered exhibits. To the extent counsel proceeded with incomplete or improper exhibits, we do not find his conduct sanctionable. Counsel's conduct in belatedly providing notice of his planned expert testimony, and his ultimate inability to offer that testimony, similarly falls outside the definition of sanctionable behavior (cf. *Parametric Capital Mgt., LLC v Lacher*, 26 AD3d 175 [2006]). Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.