■ ROBERT EDEN, Appellant, v ST. LUKE'S-ROOSEVELT HOSPITAL CENTER et al., Respondents. [849 NYS2d 243]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 17, 2006, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of reinstating plaintiff's second, third and fourth causes of action, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith.

Dismissal of plaintiff's first, fifth, sixth and seventh causes of action was proper because they are based, at least in part, on defendant hospital's allegedly wrongful termination of plaintiff's employment and withdrawal of his staff privileges and thus, are barred by res judicata. This Court affirmed the court's prior finding that it lacked subject matter jurisdiction to entertain such claims since they had not yet been reviewed by the Public

Health Council under the grievance procedure provided by Public Health Law § 2801-b (*see Eden v St. Luke's-Roosevelt Hosp. Ctr.*, 39 AD3d 215 [2007], *lv dismissed in part and denied in part* 9 NY3d 944 [2007]; *see also Indemini v Beth Israel Med. Ctr.*, 4 NY3d 63 [2005]; *Moallem v Jamaica Hosp.*, 264 AD2d 621 [1999]). However, plaintiff's second, third and fourth causes of action are distinct from the Public Health Council matters (*see Eden v St. Luke's-Roosevelt Hosp. Ctr.*, 39 AD3d at 216), and are therefore reinstated. In so doing, we make no finding with respect to the merits of those claims, but instead, find it more appropriate that the IAS court address the issue of their merit in the first instance.

The court properly declined to impose sanctions on plaintiff, particularly in light of the current disposition (*see Sakow v Columbia Bagel, Inc.*, 32 AD3d 689 [2006]). Concur—Tom, J.P., Saxe, Friedman and Williams, JJ.