■ PARKCHESTER SOUTH CONDOMINIUM INC., Plaintiff, v EDWARD HERNANDEZ, Respondent, et al., Defendants. GOTHAM ASSET LOCATORS FUND, INC., Intervenor-Appellant. [898 NYS2d 109]—

Judgment, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered February 6, 2009, to the extent appealed from, invalidating the lien filed on behalf of intervenor Gotham Asset Locators Fund (GALF) on surplus monies, declaring the

contract between GALF and defendant Hernandez unenforce-able, and denying GALF's cross motion to enforce the agreement and obtain sanctions against Hernandez's counsel, unanimously affirmed, with costs.

While incarcerated, Hernandez was visited by a retired New York City detective representing GALF, who induced him to sign an agreement providing that GALF would receive 50% of any surplus obtained by Hernandez after the foreclosure sale of Hernandez's apartment located in plaintiff's condominium, even if it performed no services for Hernandez. At the time, Hernandez already had counsel who was acting on his behalf. The agreement required that Hernandez consent to be represented by GALF's in-house counsel. Hernandez also signed a letter advising his counsel to cease all activity on his behalf.

Two days later, Hernandez wrote his counsel that he had signed the agreement because GALF's representative "bombarded" him with "doomsday scenarios," made false statements, and offered him cash and commissary packages. He stated that GALF was not authorized to act on his behalf. Hernandez moved to void the agreement and GALF cross-moved to enforce it and for sanctions against Hernandez's counsel for certain statements in her affirmation in support of the motion.

The contract is unenforceable since it was entered into under false pretenses (*see generally King v Fox*, 7 NY3d 181, 191 [2006]). It is also unconscionable in that it provides for the payment of a substantial sum of money to GALF even though GALF has provided no services to Hernandez.

There is no ground for an award of sanctions. There was no showing that the statements of Hernandez's attorney were completely without merit, were made primarily to harass or maliciously injure, or falsely asserted a material fact (*see* 22 NYCRR 130-1.1 [c]). GALF's counsel admitted a close association with his client, and even if this was overstated, intervenor has demonstrated no prejudice. Concur—Tom, J.P., Sweeny, Catterson, Moskowitz and DeGrasse, JJ.