■ Sophy P.-Q. Haynes, Respondent, v Robert B. Haynes, Individually and as Cotrustee of Trust Created under the Will of Edith W. Haynes, Deceased, Appellant. JPMorgan Chase, N.A., as Cotrustee of Trust Created under the Will of Edith W. Haynes, Deceased, Nonparty. [900 NYS2d 22]—

Order, Supreme Court, New York County (Rosalyn H. Richter, J.), entered February 26, 2009, which, to the extent appealed from, held defendant responsible for paying two thirds of tuition increases above a certain amount for the facility caring for the parties' son, granted plaintiff's application to sequester a trust to the extent of directing nonparty JPMorgan Chase to provide a certain sum from the trust on the first of each month, and denied defendant's motion for sanctions against plaintiff and her counsel, unanimously modified, on the law and the facts, that portion of the first decretal paragraph directing JPMorgan to provide defendant with certain sums on the first day of each month deleted and replaced with a provision requiring defendant to pay $10,000 annually and two thirds of the increased tuition, minus any credits he is entitled to, and otherwise affirmed, without costs.

Paragraph 2 (d) of the parties' settlement stipulation, which

obliges defendant to pay out of the trust two thirds of tuition increases above $16,380, does not contain any plain language extinguishing defendant's obligation. Had defendant wanted to extinguish his obligation to pay the excess tuition, he could—and should—have done so explicitly (*see Ventricelli v DeGennaro*, 221 AD2d 231, 232 [1995], *lv denied* 87 NY2d 808 [1996]; *see generally Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]).

Given the facts in the record, neither plaintiff's conduct nor that of her counsel was frivolous, warranting sanctions. Their actions were not without merit in law, were not undertaken primarily to delay or prolong the resolution of the litigation or to harass defendant, nor did they assert material factual statements that were false (22 NYCRR 130-1.1; *see Intercontinental Bank Ltd. v Micale & Rivera*, 300 AD2d 207 [2002]).

However, the court did err when it directed the cotrustee to make certain payments to defendant. Where a trustee has discretionary power, its exercise should not be the subject of judicial interference, as long as it is exercised reasonably and in good faith (*Matter of Preiskel*, 275 AD2d 171, 181 [2000]). The court does have the authority to exercise absolute discretion in correcting abuses that are arbitrary or the result of bad faith (*see Matter of Gilbert*, 156 Misc 2d 379, 383 [1992]). However, the record contained no evidence of any abuse of discretion or bad faith by the trustee, nor, indeed, did plaintiff make an allegation to that effect. On the contrary, according to a representative of JPMorgan, for 16 years the bank chose to make those payments to enable defendant to pay the required tuition. Accordingly, the direction that JPMorgan should make such payments from the trust should be deleted.

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Renwick, Abdus-Salaam and Mazanet-Daniels, JJ.