■ JACK BENISHAI et al., Respondents, v DAVID BENISHAI, Appellant. ROBERT GARSON et al., Nonparty Respondents. [920 NYS2d 84]—

Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered September 29, 2010, which, insofar as appealed from, denied respondent's motion for sanctions against petitioners' attorneys nonparty Robert Garson, Esq., and the law firm of Garson, Segal, Steinmetz, Fladgate LLP (collectively, Garson), unanimously affirmed, with costs.

The denial of sanctions as against Garson was a provident exercise of the court's discretion. Respondent failed to show that Garson's actions in obtaining the ex parte temporary restraining order "were completely without merit, were made primarily to harass or maliciously injure, or falsely asserted a material fact" (*Parkchester S. Condominium Inc. v Hernandez*, 71 AD3d 503, 504 [2010]). Nor was the challenged conduct "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]; *see Sakow v Columbia Bagel, Inc.*, 32 AD3d 689 [2006]).

The record establishes that pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.7 (f), respondent's attorney was notified in advance of the date, time, and place where the application seeking a TRO would be made. Furthermore, there was no evidence that respondent was harmed by the issuance of the TRO. The stipulation that he entered into in which the parties agreed, inter alia, "not to pursue any outstanding demands for arbitration" pending the court's final ruling on the April 2010 petition provided the same relief that petitioners obtained through the TRO. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 32450(U).]**