OPINION OF THE COURT
Richard F. Braun, J.
Defendants move, pursuant to 22 NYCRR part 130, for an order granting sanctions against plaintiff and its attorneys for frivolous conduct. The motion was denied because movants have failed to demonstrate any frivolous conduct on the part of plaintiff or its attorneys.
This action arises in connection with an action in the Superior Court of the State of California, Los Angeles County, Cussler v Crusader Entertainment, which involved the development of a motion picture entitled “Sahara” that was based on a book by defendant Clive Cussler (Cussler). On May 15, 2008, the California court entered a judgment in favor of plaintiff here (Crusader) on one of its affirmative claims there against defendants here in the amount of $5 million, plus interest, costs, and attorneys’ fees. Later that month Crusader registered the judgment in New York, and served restraining notices against defendant Cussler’s New York book publishers and agent. Defendants posted security in California, and enforcement of the judgment there was stayed, pending appeal there.
The attorneys for the parties executed a stipulation so ordered by this court on September 3, 2008, pursuant to which the restraining notices were vacated. The stipulation also provided that enforcement of the judgment in New York was stayed until such time as the California stay expired or was vacated. The *792 stipulation further provided that, if the security deposited in the California court became insufficient to satisfy the California judgment and a stay of the enforcement of that judgment had expired or been vacated, then defendants agreed not to object to any application by plaintiff in New York to serve new restraining notices. Defendants reserved their right to object to a subsequent restraining notice on any other grounds.
By order to show cause, dated May 1, 2009, Crusader moved this court to modify the stay by this court’s September 3, 2008 order of enforcement of the California judgment and for permission to issue new restraining notices, in order to secure an additional $11,692,011 that had been added to the judgment by the California court. On June 23, 2009, this court so ordered a stipulation, signed only by plaintiffs attorney, withdrawing the motion without prejudice.
22 NYCRR 130-1.1 (a) provides that “the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct . . . .” Subdivision (c) provides that conduct is frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
“(3) it asserts material factual statements that are false.”
It further provides:
“In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.” (See Matter of Levine, 82 AD3d 524 [1st Dept 2011]; Haynes v Haynes, 72 AD3d 535, 536 [1st Dept 2010]; Matter of 155 W. 21st St., LLC v McMullan, 61 AD3d 497, 501 [1st Dept 2009].)
The first issue is whether plaintiff’s submission of the proposed order to show cause to modify the stay and for leave to *793 serve new restraining notices constituted frivolous conduct, and is therefore sanctionable. A party may be sanctioned for engaging in frivolous motion practice, but the Appellate Division has stated that “[generally, the imposition of sanctions involves a more persistent pattern of repetitive or meritless motions.” (Sarkar v Pathak, 67 AD3d 606, 607 [1st Dept 2009] [citations omitted]; cf. Kremen v Benedict P. Morelli & Assoc., P.C., 80 AD3d 521, 523 [1st Dept 2011] [where the moving party put forth a “somewhat colorable argument,” the sua sponte award of sanctions was reversed]; Parkchester S. Condominium Inc. v Hernandez, 71 AD3d 503, 504 [1st Dept 2010] [where the statements by counsel in her affirmation were not found to be frivolous].)
Defendants assert that plaintiff submitted the proposed order to show cause in violation of the stipulation. Defendants contend that the relief sought in the motion was prohibited by the terms of the stipulation because the California stay had not expired or been vacated at the time of the motion. Defendants rely on paragraph 1 of the stipulation, which states that enforcement of the New York judgment was stayed until the stay of execution in California expired or was vacated, and paragraph 4 of the stipulation, which provides that, if the security deposited in the California court became insufficient to satisfy the California judgment and a stay of the enforcement of that judgment had expired or been vacated, then defendants agreed not to object to any application by plaintiff in New York to serve new restraining notices. Defendants more specifically contend that the stipulation “absolutely foreclosed any conceivable right to make any application to this Court to serve new restraining notices unless the stay of the California judgment had, in fact, expired or been vacated.” (See affirmation of Stephen Palitz 1i 31.) Defendants assert that plaintiff knew that the motion was prohibited but submitted it to harass and harm the defendants.
Plaintiff argues of course that submission of the proposed order to show cause did not constitute frivolous conduct. Plaintiff asserts that the New York stay only prevented enforcement of the judgment, not modification of the stay. Plaintiff argues that there is nothing in the stipulation which prevents it from making a motion.
According to plaintiff, on April 21, 2009 the California court increased the judgment by an award of $13,949,131 in attorneys’ fees. However, defendants did not increase the bond that secured the California judgment. As such, plaintiff contends that it was *794 compelled to seek permission to serve new restraining notices in New York in order to prevent the disposition of assets until the California court ruled on plaintiffs motion to vacate the stay unless defendants gave additional security to cover the increased amount of the judgment.
Defendants have failed to demonstrate that plaintiffs submission of the proposed order to show cause for leave to serve new restraining notices constituted frivolous conduct. First, the court would not have signed the order to show cause if the court did not believe at the time that it contained arguable merit. A party should always have a right to utilize the court system, here by way of a proposed order to show cause (see RSP Realty Assoc. v Garcia, NYLJ, Dec. 12, 1990, at 22, col 6 [Civ Ct, NY County] [where this court stated that it would “not inflict sanctions in a fashion that could chill the desire of parties and their attorneys to exercise their constitutional and statutory rights to utilize our courts for dispute resolution, and to fully function therein”]). If it is without merit and frivolous, the court should not sign the proposed order to show cause commencing the motion. If the court erroneously signs an order to show cause, the party and/or its attorney should not be punished unless one and/or both misled the court into signing the order to show cause, because, if not, it is the court’s action in signing the order to show cause that causes the expenditure of costs, expenses, and/or attorneys’ fees by the other side. If the court does not sign a proposed order to show cause to commence a motion, there would be no motion, and thus there would be no effect on the other party. Even if the arguments in favor of the order being signed are frivolous, ergo, there are no costs awardable to the other side (22 NYCRR 130-1.1 [a]), this court would not impose sanctions on the applicant for making the application, even though the applicant might be sanction-able under the rule on its face (22 NYCRR 130-1.1 [a], [c]), unless the applicant concealed material facts or intentionally submitted false statements (see below).
In any event, plaintiff and its counsel have adequately demonstrated that they had a good faith reason to believe that plaintiffs motion might be granted (see Tavella v Tavella, 25 AD3d 523, 525 [1st Dept 2006]). As set forth above, plaintiff believed that a significant amount of the judgment was unsecured after the California court increased the amount of the judgment on April 21, 2009. As such, plaintiff had a reasonable basis for believing that it needed to serve new restraining *795 notices to prevent the possible dissipation of assets, which might otherwise be used to satisfy the additional amount of the judgment. Plaintiff did not move only for leave to serve new restraining notices but also to modify the stay under the September 3, 2008 stipulation.
Moreover, the stipulation did not set forth any circumstances under which plaintiff was prohibited from seeking such relief. The stipulation only states that defendants agreed not to object to any such application in the event that the security deposited in the California court became insufficient to satisfy the California judgment and a stay of the enforcement of that judgment had expired or been vacated, and does not state that plaintiff was barred from attempting to bring a motion by order to show cause.
Defendants have also not demonstrated that plaintiff brought the order to show cause in order to delay or prolong the resolution of this action, or to harass or maliciously injure defendants. At most, defendants have demonstrated that plaintiff brought a motion, which might have been denied. That is not sufficient to demonstrate frivolous conduct warranting the imposition of sanctions.
The next issue is whether plaintiff made false statements to this court at a June 23, 2009 conference held in connection with plaintiffs motion. Specifically, defendants allege that plaintiffs counsel actively concealed from the court that the parties had executed two stipulations in connection with the California action on June 15th and 16th of 2009.
On June 5, 2009, the California court granted Crusader’s motion for an increased undertaking on the California judgment. The parties then executed the two stipulations, which identified additional monies that would be set aside as security for the judgment.
On June 23, 2009, the parties appeared and discussed plaintiffs motion before this court with the court’s court attorney and the court. The result of the conference was a so-ordered stipulation, signed only by plaintiffs attorney, withdrawing the motion without prejudice.
Defendants assert that plaintiff deliberately failed to notify the court that the June 15th and 16th stipulations had been executed and that plaintiff stated to the court that there was nothing in writing in the California action protecting Crusader’s ability to collect the judgment. Defendants contend that this *796 was a “maneuver” intended to induce the court to grant plaintiff’s motion to allow service of new restraining notices and permit enforcement of the New York judgment.
Plaintiffs attorney states that he expressly informed the court about the stipulations and their effect on the New York action. He further states that, at a July 7, 2009 conference, this court’s court attorney addressed this issue and informed defendants’ attorney that defendants were incorrect in asserting that the documents had not been previously brought to the court’s attention.*
Concealing material facts from the court or making untruthful statements to the court may constitute frivolous conduct (see Red Apple Child Dev. Ctr. v Community School Dists. Two, Twenty, Twenty-Five & Twenty-Eight, 299 AD2d 274 [1st Dept 2002] [the failure of the motion papers to include facts known to the movant’s attorney constituted frivolous conduct by him]; Matter of Fidelity Brokerage Servs. [LaVallie— Merrill Lynch, Pierce, Fenner & Smith], 294 AD2d 244, 245 [1st Dept 2002] [where sanctions were imposed against respondent, and the court stated that the trial court “duly concluded that (respondent) knowingly submitted affidavits containing false statements (of fact)”]). However, here defendants have failed to demonstrate frivolous conduct in connection with the June 23, 2009 conference, especially as plaintiff withdrew the motion on that date.
Even if the court were to consider the issue of collateral estoppel that defendants specifically articulate for the first time in their reply papers (see Azzopardi v American Blower Corp., 192 AD2d 453, 454 [1st Dept 1993]), the argument is not meritorious. In its October 22, 2009 decision, the California court reduced plaintiffs request for costs, including attorneys’ fees, in part because plaintiffs attempt in the motion made by order to show cause before this court was not “reasonable and necessary.” Defendants contend that the California judge’s order collaterally estops plaintiff from disputing whether its motion to serve new restraining notices in New York was frivolous.
The doctrine of collateral estoppel does not change the outcome of this motion. Collateral estoppel prevents a party from relitigating in a later action what was decided against that *797 party in an earlier action or proceeding, as long as the issues are identical and decisive of the subsequent action, and there has been a “full and fair opportunity to contest the decision now said to be controlling.” (Buechel v Bain, 97 NY2d 295, 303-304 [2001] [citation omitted].) The October 22, 2009 decision by the California court was made in the context of a motion for costs and reasonable attorneys’ fees, not in the context of determining whether plaintiffs conduct warranted the imposition of sanctions. The California court did not opine as to whether Crusader’s actions rose to the level of sanctionable conduct, and there is no indication that the parties fully and fairly litigated that issue. Thus, collateral estoppel does not apply here.
Therefore, the motion was denied by this court’s separate decision and order.

 Although not part of the record on this motion, the court’s court attorney upholds plaintiffs position as to what transpired at the June 23, 2009 conference.