■ ANDREW BECK, III, Respondent, v STUDIO KENJI, LTD., et al., Appellants, et al., Defendant. [994 NYS2d 330]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 22, 2013, which, upon renewal, restored a prior order granting plaintiff's motion for summary judgment as to liability on his contract claim against defendants Studio Kenji, Ltd. and Ellen Honigstock, vacated prior orders denying plaintiff partial summary judgment, awarded plaintiff costs, and sanctioned defendants, unanimously reversed, on the facts and in the exercise of discretion, without costs, plaintiff's motion for summary judgment and costs denied, and the award of sanctions vacated.

The new evidence submitted by plaintiff on his motion for renewal raises a factual issue whether nonparty New York City Department of Buildings (DOB) approved the double-height space that defendants had created in plaintiff's condominium unit; it does not definitively show that DOB disapproved the space. Thus, there is a triable issue of fact whether defendants breached their contract with plaintiff.

The motion court was mistaken in saying that "a deposition of [former third-party defendants Joseph Vance and Joseph Vance Architects'] expediter revealed that the double height space was not discussed with the Department of Buildings' officials." First, the expediter was not deposed; he merely submitted an affidavit. Second, the expediter said that he discussed a drawing that showed the double-height space with the DOB official who approved the application (nonparty Kenneth Fladen).

The court also erred in saying that "the double height space . . . violated both DOB and Fire Code regulations." At his deposition, Fladen testified that the space did not necessarily violate the fire separation requirement, since that requirement could be met by devices such as a sprinkler and water curtain, not only by a physical separation.

The court erred by implying that the condominium building's lack of a permanent certificate of occupancy (C of O) meant that DOB had disapproved the double-height space in plaintiff's unit. Fladen admitted that there could be any number of reasons for the failure to have a C of O, and said that he was not aware of any denial of a C of O based on the double-height space. Vance— the building's architect—testified that the lack of a permanent C of O was due to unit owners other than plaintiff.

Defendant Studio Kenji's argument that it is not liable for defendant Honigstock's acts because she was an independent contractor is improperly raised for the first time on appeal (*see*

*e.g. Gouldborne v Approved Ambulance & Oxygen Serv.*, 2 AD3d 113, 114 [1st Dept 2003], *lv denied* 3 NY3d 605 [2004]). In any event, it is unavailing, since the instant appeal involves plaintiff's *contract* claim, not a negligence claim (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]).

Defendants' argument that Vance's December 2008 letter and/or his February 2012 affidavit created an issue of fact did not warrant sanctions (*see generally Sakow v Columbia Bagel, Inc.*, 32 AD3d 689 [1st Dept 2006]). Although Vance did not personally submit an application to DOB, it was reasonable for him to assume that the application had been granted when he gave it to his expediter, directed him to file it with DOB, and received an approved application. Plaintiff's own email of July 3, 2008 shows that Vance did not invent a story after the fact for this litigation. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.