ANN MARIE PUSTERLA, Respondent, v MANIPAL EDUCATION AMERICAS, LLC, et al., Defendants, and AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE, Appellant. [33 NYS3d 716]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 26, 2015, which, insofar appealed from as limited by the briefs, granted plaintiff's cross motion for sanctions, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the cross

motion denied. Appeal from order, same court and Justice, entered January 26, 2016, which, insofar as appealed from as limited by the briefs, upon reargument, adhered to the prior decision, unanimously dismissed, without costs, as academic.

In its 2015 order, the motion court failed to satisfy the requirements of 22 NYCRR 130-1.2. The court "did not set forth the conduct it found to be frivolous, and provided no reason whatsoever for its decision to impose legal fees and costs" (*Gordon Group Invs., LLC v Kugler*, 127 AD3d 592, 595 [1st Dept 2015]).

It is true that the 2016 order specifies that the court sanctioned defendant American University of Antigua College of Medicine (AUA) because it allegedly made two motions without submitting an affidavit from a person with knowledge and that this conduct was frivolous pursuant to 22 NYCRR 130-1.1 (c) (2) (delay). However, the court was mistaken inasmuch as AUA did submit an affidavit from a person with knowledge on its motion to dismiss, albeit in reply instead of with its moving papers. The mere fact that the affidavit was submitted in reply instead of with the moving papers did not render AUA's conduct frivolous (*see generally Sakow v Columbia Bagel, Inc.*, 32 AD3d 689, 690 [1st Dept 2006]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.