Mendon Ventures Fintech Fund I LP v Equitus Corp.
2026 NY Slip Op 04040
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Mendon Ventures Fintech Fund I LP, Appellant,
v
Equitus Corporation, Respondent.

Decided and Entered: June 25, 2026
Index No. 654629/24|Appeal No. 6968|Case No. 2025-08162|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Kleinberg, Kaplan, Wolff & Cohen, P.C., New York (Taeler Lanser of counsel), for appellant.

[*1]
Order, Supreme Court, New York County (Andrew Borrok, J.), entered November 21, 2025, which, to the extent appealed from, denied plaintiff's motion to impose sanctions on defendant, unanimously reversed, on the law and the facts, without costs, the motion for sanctions granted, and the matter remanded to Supreme Court for further proceedings in accordance with this decision.
The court improvidently exercised its discretion in denying plaintiff an award of sanctions despite noting that defendant knowingly asserted a meritless position for the purpose of delaying and prolonging the litigation. The record established that defendant prolonged the litigation based on largely meritless claims to avoid payment of the Notes and that its founder and Chief Executive Officer made false statements of material fact, rendering the conduct frivolous (see Ray v Ray, 232 AD3d 497, 499 [1st Dept 2024]).
Defendant provided no support in the record for the CEO's statements in his affidavit that (1) plaintiff represented that the Notes would be consolidated; (2) the repayment date would be extended to December 31, 2024; (3) defendant's Chief Financial Officer acted as an agent for plaintiff in breach of his fiduciary duty to defendant; and (4) the CFO presented unauthorized financial projections to plaintiff. These claims were denied by the Chief Administration Officer of plaintiff's general partner and the CFO, and documents in the record demonstrate that they are false. Moreover, defendant's CEO's June 19, 2024 email demonstrated that he intended to prolong the litigation by asserting baseless claims to delay payment of the Notes.
While sanctions should not be imposed in such a manner as to restrict ultimately unpersuasive, yet good-faith arguments requiring a review of the law (see Levy v Carol Mgt. Corp., 260 AD2d 27, 35 [1st Dept 1999]), good faith is absent here, and presenting knowingly false affidavits to a court is a proper basis for the imposition of sanctions (see Matter of Fidelity Brokerage Servs. [LaValliepMerrill Lynch, Pierce, Fenner & Smith], 294 AD2d 244, 245 [1st Dept 2002]).
Accordingly, this matter is remanded to the trial court for a determination of appropriate sanctions to be imposed upon defendant (see 22 NYCRR 130-1.1[a]; Ray, 232 AD3d at 500).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026